

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00063-CV

_____

**IN THE INTEREST OF S.M., T.M., A.M., D.M., S.M., H.M., E.M., T.M., A.M., CHILDREN**

On Appeal from the County Court at Law No. 3
Lubbock County, Texas,
Trial Court No. 2019-536,166, Honorable Kelly Tesch, Presiding

August 16, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

The parents of SM18, TM17, AM15, DM14, SM12, HM6, EM4, TM3, and AM2 appeal from an order terminating their parental rights under sections 161.001(b)(1)(D), (E), and (O) of the Texas Family Code.[1] Mother's attorney filed an *Anders* brief in which she certifies there is no reversible error. She also filed a motion to withdraw. In a single issue, Father asserts termination was not in the children's best interest.[2] We affirm.

---

[1] To protect the privacy of the children, we refer to them by their initials and current age.

[2] Father does not appeal the status of SM18, TM17, and DM14. The Department was appointed permanent managing conservator for these children with the parents as possessory conservators with conditions. Prior to access to these children, Mother and Father must remain sober, no drug use, engage in individual counseling, provide drug testing at the Department's request, and not allow the children to

**Standards**

Predicate ground (D) of the Texas Family Code permits a court to terminate a parent's rights if the parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(D). Predicate ground (D) looks at the child's living environment. *Jordan v. Dossey,* 325 S.W.3d 700, 721 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). This Court has held it is unnecessary for the Department to prove that the children be directly threatened or injured, but that the parent knowingly disregarded risks to the children. *In re A.L.G.*, No. 07-21-00020-CV, 2021 Tex. App. LEXIS 4871, at *17 (Tex. App.—Amarillo June 17, 2021, no pet. h.) (citations omitted). "Illegal drug use and criminal activity support a conclusion that the children's surroundings endanger their physical or emotional well-being." *Id.*

Under Family Code predicate ground (E), termination of rights may be ordered when the parent engages in conduct or knowingly places the child with persons who engage in conduct which endanger the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(E). It is not necessary that the conduct be directed at the child or that the child actually suffers injury. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Because a parent's use of an illegal drug exposes a child to the possibility that the parent may be impaired or imprisoned, proof of illegal drug use

---

enter their residence unless accompanied by the Department. If these conditions are not met, or circumstances substantially change, the court may modify the order. SM18 "aged out" shortly after the conclusion of the proceedings and expressed a desire to remain with her parents. TM16 is sixteen, refuses adoption, and wants to age out in a children's home. The Department is looking for an adoptive home for DM14.

2

may serve as grounds to support termination under predicate ground (E). *In re J.L.C.,* 582 S.W.3d 421, 431 (Tex. App.—Amarillo 2018, pet. denied).

Termination of parental rights under predicate ground (O) can occur if the parent fails to comply with the provisions of a court order that establishes actions necessary for the parent to obtain the return of a child who was removed for abuse or neglect. TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

## Mother's Appeal

Mother's appointed counsel has filed a motion to withdraw, together with an *Anders*[3] brief in support. In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to Mother informing her of her right to file a pro se response. According to counsel's letter, Mother was also provided a copy of the appellate record. By letter dated June 11, 2021, this Court also notified Mother of her right to file a pro se response to counsel's brief no later than July 1, 2021. The deadline assigned has lapsed with no response being filed.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal involving 1) the sufficiency of evidence to support termination under section 161.001(b)(1)(D), (E), and (O) of the Texas Family Code and 2) whether termination of her parental rights was in the children's best interest.

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Upon discussing the potential areas of appeal, counsel concluded that none provided arguable issues.

We conduct an independent review of the evidence underlying the trial court's findings that termination was warranted under section 161.001(b)(1)(D) and (E) of the Texas Family Code. *See In re L.G.,* 596 S.W.3d 778, 781 (Tex. 2020) (per curiam) (requiring appellate court to detail analysis of challenged (D) and (E) ground findings even when judgment is affirmed on other grounds); *In re B.F.*, No. 07-20-00349-CV, 2021 Tex. App. LEXIS 3319, at *2-3 (Tex. App.—Amarillo Apr. 30, 2021, no pet.) (per curiam, mem. op.) (conducting independent evidentiary sufficiency review in appeal involving *Anders* brief). The evidence admitted at trial includes the following:

- Mother abused controlled substances before and after termination proceedings were initiated.[4]

- Mother was incapable of providing living conditions suitable for the children before and after termination proceedings were initiated.[5]

- Mother has tested positive for use of illegal drugs during pregnancy with at least three children. For example, a month before AM2's birth in August 2019, Mother tested positive for methamphetamine and marijuana. She tested positive for marijuana in 2018 at TM3's birth. Mother also tested positive for marijuana in 2014 when HM6 was born.

---

[4] The court-ordered Family Plan required Mother be drug-free and submit to drug testing by the Department. Her continued drug use coupled with her "no show" at a number of drug tests required by the Department during the proceedings are sufficient evidence Mother violated section 161.001(b)(1)(O) of the Texas Family Code.

[5] In the months preceding termination proceedings, Mother and the children lived in at least six different homes including her grandmother's house, a hospital caring for an ailing relative, a hotel, the Salvation Army, her cousin's house, and a rent house. Both before and after proceedings were initiated, the Mother's rent house was subject to cessation of electricity and water due to past due bills. The school-age children attended school only sporadically and several children were behind a grade. At the final hearing, Mother testified that she did not consider her drug use a problem, and she had no problem with her eldest child using marijuana. Despite his drug use before and after the proceedings were filed, Mother continued to allow Father to visit and live in her house with hopes of reuniting after the proceedings concluded.

- Mother was convicted of felony possession of marijuana in 2014, for which she received deferred adjudication community supervision. Her community supervision was revoked on a charge for obstruction/retaliation, and she was sentenced to two years' imprisonment. Mother was incarcerated for six months.

- On January 9, 2019, an arrest warrant was issued for Mother's failure to appear at a hearing or trial to answer a charge for possession of marijuana.

- Over an eleven-year span – from 2007 to 2018 – Mother pled guilty to multiple instances of contributing to the truancy of her children. Yet, Mother testified it is not a problem for her children to miss school.

Combined, this evidence is both legally and factually sufficient to support termination based on (D) and (E). *See In re V.A.*, No. 07-17-00413-CV, 2018 Tex. App. LEXIS 1521, at *10 (Tex. App.—Amarillo Feb. 27, 2018, no pet.). Moreover, the evidence is undisputed that Mother has failed to comply with all of the provisions of the court order's necessary to obtain the return of her children. TEX. FAM. CODE § 161.001(b)(1)(O). We concur with counsel's representation that Mother's appeal possesses no basis for appeal.

**Father's Appeal**

In a single issue, Father argues the evidence was insufficient to support the trial court's finding that termination was in the best interest of AM15, SM12, EM4, TM3, and AM2. We disagree and overrule the issue.

Texas Family Code section 161.001(b) permits the termination of parental rights if clear and convincing evidence illustrates that a parent engaged in one or more of the enumerated grounds for termination and that termination is in the best interest of the child. *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019) (per curiam). In determining the best interest of the child, courts apply the *Holley* factors to shape their analysis. *See Holley v. Adams*,

5

544 S.W.2d 367, 371-72 (Tex. 1976).  They include:  (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals seeking custody of the child; (6) the plans held by the individual seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  *Id.*  These factors are not exclusive, and the absence of evidence for one or more factors does not preclude a finding that the child's best interests favor termination if the existing evidence of record does support the conclusion.  *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Moreover, a trier of fact may measure a parent's future conduct by his or her past acts. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

The record evidence indicates the following:

- Father admits he used methamphetamines prior to, and throughout the termination proceedings except for possibly a month.[6]

- Father testified he does not have a residence and "liv[es] on the streets."

- Father lacks any verifiable income.

- Father receives methamphetamine free from his relatives.

- Father was unsuccessfully discharged from individual counseling and family therapy.

---

[6] The father admittedly used methamphetamines days before his testimony at the final hearing.

- Although Father completed a drug and alcohol assessment, he failed to follow any recommendations and has not curtailed his continuing drug usage.

- Father does not find any problem with Mother's drug use.

- Father left the children in Mother's care with knowledge that she was using illegal drugs.

- Father's criminal history includes convictions for burglary, evading arrest, possession of marijuana, failure to identify with fugitive intent, hindering apprehension or prosecution and felony possession of marijuana. Father has served approximately ten years in prison.

- Father did not complete a single item in his court-ordered family plan during the proceedings and did not express a concrete plan for his children's care at the final hearing.

- Father's undetailed plan was to get himself "clean" and to move back in with Mother.

We hold that the evidence of record is both legally and factually sufficient to support termination under Texas Family Code §§ 161.001(b)(1)(D), (E), and (O).

The record evidence also demonstrates AM15, SM12, HM6, EM4, TM3, and AM2 are currently living in stable, drug-free homes and regularly attending school. AM15, SM12, EM4, TM3, and AM2 are living in foster homes that desire to adopt them. HM6 is in a foster home near her siblings. Their current homes are meeting their emotional and physical needs. AM15 and SM12 are being tutored in and out of school in an effort to return to their age-appropriate grade level. AM15 has tested dyslexic and is receiving assistance through her school. AM15 also has dental surgery scheduled to remove a tooth lodged in her pallet. AM15, SM12, EM4, TM3, and AM2 have bonded with their foster families. Although there is no current placement for DM14, the Department is searching for an adoptive home; termination will permit the search to go nationwide.

7

Based on the foregoing evidence, we find the evidence clear and convincing and more than sufficient to enable a factfinder to form a firm conviction and belief that terminating Father's parental rights was and is in the best interest of AM15, SM12, HM6, EM4, TM3, and AM2. Thus, the evidence supporting the trial court's decision is both legally and factually sufficient.

Having overruled Father's issue and having found no arguable error in Mother's appeal, we affirm the judgment terminating their parental rights to AM15, SM12, HM6, EM4, TM3, and AM2, and appointing the Department as permanent managing conservator for SM18, TM17, and DM14 with the parents as possessory conservators.[7]

                                        Lawrence M. Doss
                                        Justice

---

[7] We call counsels' attention to the continuing duty of legal representation through the exhaustion of proceedings, which may include the filing of a petition for review. Mother's counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).